IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Richard Ensminger | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Paul A. Crotty |
| v. | ) | |
| | ) | 1:13-cv-02539-PAC |
| American Coradius International, LLC; | ) | |
| HSBC Bank, USA, N.A.; and | ) | Magistrate Judge Andrew J. Peck |
| Credit Control, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**AMERICAN CORADIUS INTERNATIONAL, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant American Coradius International, LLC. ("ACI"), submits this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

**INTRODUCTION**

1. ACI admits plaintiff purports to bring an action for certain violations of law but denies that plaintiff has adequately pled such violation and denies that it committed any wrongdoing under the law. Except as specifically admitted, ACI denies the allegations in ¶ 1.

2. ACI denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief as to the truth therein.

3. ACI admits it has an office located at the address listed and that part of its business activities include, under certain circumstances, the collection of debts. Except as specifically admitted, ACI denies the allegations in ¶ 3.

4. ACI denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief as to the truth therein.

5. ACI denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief as to the truth therein.

6. ACI admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be governed by certain provisions of the FDCPA. Except as specifically admitted, ACI denies the allegations in ¶ 6.

7. ACI denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief as to the truth therein.

## FACTUAL ALLEGATIONS

8. ACI admits only that its records reflect that it contacted plaintiff regarding an HSBC account. Except as specifically admitted, ACI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief as to the truth therein.

9. ACI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief as to the truth therein.

10. The letter referenced in ¶ 10 speaks for itself and is the best evidence of its content. To the extent ¶ 10 seeks to add to, modify or mischaracterize the letter, those allegations are denied.

11. ACI denies the allegations in ¶ 11.

12. ACI admits only that its records reflect that a payment was received. Except as specifically admitted, ACI denies the allegations in ¶ 12.

13. ACI admits only that its records reflect that a payment was received. Except as specifically admitted, ACI denies the allegations in ¶ 13.

14. ACI admits only that its records reflect that certain payments were received. Except as specifically admitted, ACI denies the allegations in ¶ 14.

15. ACI denies the allegations in ¶ 15.

16. ACI denies the allegations in ¶ 16.

17. ACI denies the allegations in ¶ 17.

18. ACI denies the allegations in ¶ 18.

19. The allegations in ¶ 19 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief as to the truth therein.

20. The allegations in ¶ 20 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 20.

21. The allegations in ¶ 21 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 21.

22. The allegations in ¶ 22 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 22.

23. ACI denies the allegations in ¶ 23.

24. ACI denies the allegations in ¶ 24.

## FIRST CAUSE OF ACTION

25. In response to ¶ 25, ACI reasserts its answers to the foregoing paragraphs as if fully incorporated herein.

26. ACI denies the allegations in ¶ 26.

27. ACI denies the allegations in ¶ 27.

28. ACI denies the allegations in ¶ 28.

29. ACI denies the allegations in ¶ 29.

30. ACI denies the allegations in ¶ 30.

31. ACI denies the allegations in ¶ 31.

## SECOND CAUSE OF ACTION

32. In response to ¶ 32, ACI reasserts its answers to the foregoing paragraphs as if fully incorporated herein.

33. ACI denies the allegations in ¶ 33.

34. ACI denies the allegations in ¶ 34.

## THIRD CAUSE OF ACTION

35. In response to ¶ 35, ACI reasserts its answers to the foregoing paragraphs as if fully incorporated herein.

36. The allegations in ¶ 36 contain only conclusions of law to which no response is required.  The extent that an answer is necessary, ACI denies the allegations in ¶ 36.

37. The allegations in ¶ 37 contain only conclusions of law to which no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 37.

38. The allegations in ¶ 38 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 38.

39. The allegations in ¶ 39 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 39.

. 40. The allegations in ¶ 40 are not directed toward this defendant, accordingly no response is required. The extent that an answer is necessary, ACI denies the allegations in ¶ 40.

AND NOW, further answering the Complaint, American Coradius International, LLC., avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against ACI upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

One or more of plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff, which is denied, was legally and proximately caused by persons or entities other than ACI and was beyond the control or supervision of ACI and for whom ACI was and is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

One or more of plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege the circumstances of fraud with particularity as required by Fed.R.Civ.P. 9(b).

Dated:  April 22, 2013

Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5940
Fax: (908) 751-5944
aeasley@sessions-law.biz
Attorney for Defendant
American Coradius International, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2013, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

>   Stuart Werbin, Esq.
>   Benjamin Nazmiyal Law Group, P.C.
>   209 Main Street, Suite 3A
>   Fort Lee, NJ 07024
>   Phone: (201) 379-5507
>   Facsimile (201) 849-5407
>   *Attorney for Plaintiff*

>                       By:   /s/ Aaron R. Easley
>                             Aaron R. Easley, Esq.
>                             Attorney for Defendant
>                             American Coradius International, LLC